UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUTILIO ARZOLA,

     Petitioner,

v.                                CASE NO. 6:06-cv-1238-Orl-18UAM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

     Respondents.

---

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1 & 7). Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. (Doc. No. 8). Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply to the response. (Doc. No. 12).

Petitioner alleges twelve claims for relief in his habeas petition. In five of his claims, Petitioner alleges that his counsel provided ineffective assistance by: (1) waiving a statute of limitations argument (claim one); (2) misadvising him "to plead no contest without having clearly explained what the statute of limitations and guidelines sentencing rights he was waiving actually meant to his case" (claim two); (3) failing to "challenge the validity of the charging information for capital sexual battery when the original report

claimed lewd and lascivious battery without committing sexual battery" (claim three);  (4) waiving sentencing under the 1991 sentencing guidelines without Petitioner's consent (claim four); and (5) stipulating that there was an adequate factual basis for acceptance of the plea (claim six).  Petitioner also alleges that the trial court erred by:  (1) accepting Petitioner's nolo contendere plea because "there was no record factual information that established the elements" of the charged crime (claim seven);  (2) "changing [the] charge on [the] signed plea form" without Petitioner's consent (claim eight);  (3) accepting Petitioner's plea without jurisdiction to do so (claim ten);  and (4) failing to consider the mental health evaluation report it had ordered for Petitioner (claim eleven).  Finally, Petitioner alleges that:  (1) his plea was involuntary due to the failure of his counsel and interpreter to inform him "that it was a bad idea to accept the state's plea offer" (claim five);   (2) his plea to attempted capital sexual battery was involuntary because he had signed a plea agreement for non-capital sexual battery (claim twelve);  and (3) his sentence is illegal under the sentencing guidelines in effect when the crimes occurred (claim nine).

## I.   Background

On August 21, 1991, a report was made to the Volusia County Sheriff's Department charging Petitioner with lewd and lascivious or indecent assault upon a child in violation of section 800.04, Florida Statutes.  (Appendix A at 45).  The probable cause statement indicated that Petitioner had handled, fondled or made an assault upon his ten-year-old niece in a lewd, lascivious or indecent manner.  *Id.*  Further, a doctor had examined the victim, diagnosed her with "neisseria gonorrhea" and concluded that "at least dry coitus

2

[was] probable" based upon the diagnosis. *Id.* Petitioner went to Texas and was later arrested in July 2003, after being transported back to Volusia County, Florida from Houston, Texas. *Id.* at 46-47.

On August 1, 2003, Petitioner was charged in a one-count information with "capital sexual battery on a person less than 12 years of age." (Appendix A at 48). On August 29, 2003, Petitioner's counsel filed a motion for a mental examination pursuant to Rule 3.216(a) of the Florida Rules of Criminal Procedure. *Id.* at 51. The state trial court granted Petitioner's motion, and appointed Harish Kher, M.D., to confidentially examine Petitioner "in order to assist counsel in the preparation of the defense." *Id.* at 52. The state court further ordered that Dr. Kher was to "report only to [Petitioner's attorney] and matters related to the expert shall be deemed to fall under the lawyer-client privilege." *Id.*

On August 4, 2004, Petitioner entered into a written agreement with the State, providing that he would plead nolo contender to the reduced charge of "attempted sex battery (a 1st degree felony)." (Appendix A at 58). Pursuant to the written agreement, Petitioner agreed to make an "open plea to the court" and to waive "any statute of limitation issues." *Id.* A plea hearing was held on August 4, 2004, at which Petitioner was provided with a Spanish language interpreter. *Id.* at 1-11. After the plea hearing, the state court accepted Petitioner's plea and adjudged him guilty of attempted capital sexual battery in violation of section 794.011, Florida Statutes.[1] *Id.* at 60.

---

[1] The state court's order accepting Petitioner's plea provided as follows:

The foregoing plea document was received and accepted in open court. The

After Petitioner entered his plea, a sentencing guideline scoresheet was prepared indicating that Petitioner qualified for a sentence of two and one-half to five and one-half years. (Appendix A at 66-68).  A sentencing hearing was held on October 25, 2004, and evidence in mitigation and aggravation was presented. *Id.* at 12-44.  The state trial court then sentenced Petitioner to thirty-years incarceration with the Department of Corrections. (Appendix A at 62-65).  Petitioner did not move to withdraw his plea.

Petitioner filed a timely appeal of his judgment and sentence, and Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1987).  (Appendix A at 70; Appendix B).  After counsel filed an *Anders* brief, Petitioner filed a pro se brief asserting four claims: (1) the trial judge erred by changing the charge on the plea form; (2) the trial judge erred in adjudicating Petitioner guilty and imposing sentence "in the absence of a jury verdict or a plea of guilty or no contest"; (3) the trial judge erred by sentencing Petitioner "without having received, ordered mental health evaluation report"; and (4) the sentence of thirty years is illegal in that it exceeds the statutory maximum for attempted sexual battery.  (Appendix C).  Without requiring a response from the State, the state appellate court *per curiam* affirmed Petitioner's judgment and sentence on May 31, 2005. (Appendix D).

---

Defendant signed or acknowledged signing this document while under oath and subject to the penalties of perjury.  The court finds the plea to be freely and voluntarily entered and that a factual basis exists in the record for the court to accept it.

(Appendix at 59).

4

On July 2, 2005, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Appendix F). In an order dated February 21, 2006, the state trial court denied Petitioner's Rule 3.850 motion without an evidentiary hearing. (Appendix G). The state appellate court *per curiam* affirmed on June 20, 2006. (Appendix H). Thereafter, Petitioner filed a timely petition for writ of habeas corpus in this Court. (Doc. No. 1).

## II.   The Antiterrorism and Effective Death Penalty Act of 1996

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

## A.   Procedural Default Under the AEDPA

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). This Court is precluded

5

from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992); *see also Henderson*, 353 F.3d at 898 n.25 ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more

likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

**B.     Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States

> Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.   Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. Analysis

**A.    Ineffective Assistance of Counsel Claims**

The proper legal standard for assessing Petitioner's ineffective assistance of counsel claim was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the United States Supreme Court established a two-part test for assessing claims that counsel rendered ineffective assistance during criminal proceedings. *Id.* The two-part test is comprised of a prejudice prong and a performance prong and is applicable "to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

8

In the context of a plea, Petitioner establishes *Strickland's* prejudice prong by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). The performance prong of the *Strickland* test requires that Petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In assessing the challenged performance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90. Under these presumptions and rules, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

At the outset, the Court notes that in assessing Petitioner's ineffective assistance of counsel claims, the state trial court correctly identified the governing legal principle set forth in *Strickland*. (Appendix G at 2). Further, Petitioner has not cited to any decision of the Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent. Thus, the only issues are whether the state court's application of *Strickland* was objectively unreasonable and whether Petitioner exhausted his claims.

### 1.   Claims One and Four

Petitioner's claims that his counsel rendered constitutionally ineffective assistance by waiving his "statute of limitations rights" (claim one) and waiving sentencing under the 1991 sentencing guidelines without Petitioner's consent (claim two). (Doc. No. 7 at 5 & 9-10). According to Petitioner, if his counsel had asserted a statute of limitations defense, he "would have been discharged if convicted of [attempted capital sexual battery] after a jury trial because the statute of limitations had run out for that charge." *Id.* at 5. Petitioner further alleges that "a conviction after trial" would have resulted "in less than a 6 year sentence under the guidelines in effect in 1991" for attempted capital sexual battery. *Id.* at 9-10. Petitioner contends "he would not have plead" if he had known the facts regarding the sentencing guidelines and statute of limitations defense. *Id.* The state trial court denied the foregoing claims on the merits, and the state appellate court *per curiam* affirmed. (Appendices G & H).

In denying Petitioner's claim regarding waiver of the statute of limitations, the state trial court found that petitioner's counsel's conduct was not deficient because:

> On August 1, 2003, the State charged [Petitioner] with Sexual Battery on a Person Less than 12 Years of Age (a capital felony) for crimes that occurred between January 1, 1990 and July 31, 1991. A capital felony carries no statute of limitations and prosecution may commence at any time. If [Petitioner] had proceeded to trial on the capital felony, he faced a mandatory life sentence. [C]ounsel and the State negotiated an agreement whereby [Petitioner] agreed to enter a *nolo contendere* plea to the lesser charge of *Attempted* Capital Sexual Battery (a first-degree felony) that carries a maximum sentence of thirty years. Pursuant to [Florida law], the prosecution of a first-degree felony must be commenced within four years of the commission of the offense. The State offered [Petitioner] the

opportunity to waive the statute of limitations and the guidelines and enter
a plea to the lesser charge. Florida law permits such a waiver.

The record reveals that [Petitioner's] counsel explained the statute of
limitations to [Petitioner] and he agreed to the waiver. Given the mandatory
life sentence [Petitioner] faced had he been convicted at trial of *capital* sexual
battery (which carries no statute of limitations), [Petitioner] has failed to
plead and prove either deficient performance by counsel or prejudice in
negotiating the plea which included a waiver of the statute of limitations.

(Appendix G at 2-3 (citations omitted)). As to claim four, the state trial court again noted

Petitioner's failure to "acknowledge that his conviction and sentence were the result of a

negotiated plea with the prosecutor. In return for a *lesser charge*, [Petitioner] agreed to

waive the sentencing guidelines." *Id.* at 3-4.

This Court finds no error in the state court's analysis and further finds that the state

court's findings are amply supported by the record. Petitioner was charged in the

information with capital sexual battery,[2] and in 1991, there was no statute of limitations

defense to a capital or life felony: "A prosecution for a capital or life felony may be

commenced at any time." § 775.15(1) FLA. STAT. (1991).[3] Accordingly, this Court finds that

---

[2]In 1991, a "capital felony" was punishable by death if "the procedure set forth in
§ 921.141 resulted in findings by the court that such person shall be punished by death" or
"by life imprisonment" with required service of "no less than 25 years before becoming
eligible for parole." § 775.082(1) FLA. STAT. (1991). A first degree felony was punishable
"by a term of imprisonment not exceeding 30 years", and a second degree felony was
punishable "by a term of imprisonment not exceeding 15 years." *Id.* at § 775.082(2) & (3).
A person convicted of attempted capital sexual battery was "guilty of a felony of the first
degree . . . ." *Id.* at § 777.04(4)(a). Whereas, a person convicted of attempted sexual battery
was "guilty of a felony of the second degree . . . ." *Id.* at § 777.04(4)(b).

[3]A first degree felony had a four-year statute of limitations, and all other felonies
had a three-year statute of limitations. FLA. STAT. § 775.15(2).

the state court's decision clearly withstands review under section 2254(d). Petitioner cannot prevail on his claims that his counsel was constitutionally ineffective in waiving his rights to the statute of limitations and a statutory guideline sentence for the *lesser* offense of attempted capital sexual battery.

### 2. Claims Two and Five

Petitioner contends that his counsel rendered ineffective assistance by misadvising him "to plead no contest without having clearly explained what the statute of limitations and guidelines sentencing rights he was waiving actually meant to his case" (claim two). (Doc. No. 7 at 6). Petitioner further alleges that his plea was involuntary due to the failure of his counsel and interpreter to inform him "that it was a bad idea to accept the state's plea offer" (claim five).[4] (Doc. No. 7 at 11). The state trial court denied the foregoing claims on the merits, and the state appellate court *per curiam* affirmed. (Appendices G & H).

In denying these claims, the state court again noted that "there would have been no statute of limitations claim had the State tried [Petitioner] on the original charge of Capital Sexual Battery." (Appendix G at 3). Accordingly, Petitioner could not "prove either deficient performance or prejudice where the waiver of the statute of limitations was part of a negotiated plea agreement to a lesser charge and included the reduced sentencing range." *Id.*

---

[4] In his reply brief, Petitioner clarifies that claim five is "an ineffective assistance of counsel claim . . . even though the resulting prejudice was used as the title of the grounds when written." (Doc. No. 12 at 8).

This Court again finds that the state court's decision is amply supported by the record and the law; therefore, the state court's decision clearly withstands review under section 2254(d). Accordingly, Petitioner cannot prevail on his claims that his counsel was constitutionally ineffective in advising him to waive his rights to the statute of limitations and a statutory guideline sentence for the *lesser* offense of attempted capital sexual battery.

### 3.    Claim Six

Petitioner contends his counsel rendered ineffective assistance by stipulating that there was an adequate factual basis for acceptance of the plea. (Doc. No. 7 at 12). Specifically, Petitioner alleges:

> Defense counsel Sawtelle stipulated to there being an adequate factual basis upon which the plea should be accepted by the court for attempted capital sexual battery even though [Petitioner] had only originally been arrested for lewd and lascivious battery without committing sexual battery and there was no other report that he'd committed or event attempted to commit a sexual battery anytime.

*Id.* at 12-13. The state trial court denied this claim on the merits, and the state appellate court *per curiam* affirmed. In denying this claim, the state court held that Petitioner failed to establish prejudice because "[t]he court file contains record evidence of a factual basis for the plea," and the signed plea clearly stated that Petitioner "agreed to the factual basis outlined in the court documents." (Appendix G at 4).

The state court's finding that the court file contains record evidence of a factual basis for the plea is supported by the record. In 1991, § 794.011, Florida Statutes, prohibited "sexual battery" as follows:

13

> A person 18 years of age or older who commits sexual battery upon, or
> injures the sexual organs of, a person less than 12 years of age in an attempt
> to commit sexual battery upon such person commits a capital felony . . . .

§ 794.011(2) FLA. STAT. (1991). "Sexual battery" was defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any object . . . ." *Id.* at § 794.011(1)(h).

Here, the initial police report indicated that Petitioner had handled, fondled or made an assault upon a ten-year-old child in a lewd, lascivious or indecent manner. (Appendix A at 45). Specifically, Petitioner's ten-year-old niece had informed a Child Crisis Team interviewer that Petitioner had touched her genitalia and "it hurt." *Id.* Further, a doctor had examined the victim, diagnosed her with "neisseria gonorrhea," and concluded that "at least dry coitus is probable" based upon the diagnosis. *Id.* Such allegations support the charge of attempted capital sexual battery. Indeed, transmission of a venereal disease such as neisseria gonorrhea to a ten-year-old child unquestionably "injures the sexual organs" of that child.[5] Accordingly, Petitioner cannot prevail on this claim.

---

[5]The evidence presented at the sentencing hearing completely refutes Petitioner's suggestions that he is innocent of the crime charged and the crime to which he pled. During the sentencing hearing, two victims offered testimony regarding Petitioner's sexual abuse of them. One victim testified that Petitioner began to sexually abuse her when she was five or six years old and continued until she was nine. (Appendix A at 28-29). Both victims had been deposed, and the state summarized the evidence:

> This started with molestation, with touching, and proceeded to full-blown
> child rape. And that's what the evidence shows, that is what the depositions
> show. That they were taken, they were placed in a room, they were forcibly
> raped by [Petitioner]. And it caused pain, it caused bleeding, and they
> would scream and cry, and he showed not compassion and he showed no
> mercy. . . .

### 4.    Claim Three

Petitioner claims that his counsel rendered ineffective assistance by failing to "challenge the validity of the charging information for capital sexual battery when the original report claimed lewd and lascivious battery without committing sexual battery." (Doc. No. 7 at 9).   Respondents argue that this claim is procedurally barred because Petitioner failed to raise the claim in state court. (Doc. No. 9 at 5-6).  A review of the record confirms that Petitioner did not raise this claim before the state courts.  Further, Petitioner has not argued to this Court that either of the two narrow exceptions to the procedural bar apply.  Accordingly, the Court finds that claim three is procedurally barred.

### B.    Trial Court Error

### 1.    Claim Seven

Petitioner alleges that the trial court erred in accepting his nolo contendere plea because "there was no record factual information that established the elements" of the charged crime. (Doc. No. 7 at 14).  As noted *supra*, there was information in the court file which established the elements of both the charged offense and the offense to which Petitioner pled. *Supra* Part II.A.3.  Accordingly, Petitioner cannot prevail on claim seven.

---

*Id.* at 38-39.

### 2.   Claim Eight

Petitioner alleges that the trial court erred in "changing [the] charge on [the] signed plea form" without Petitioner's consent.  (Doc. No. 7 at 15-16).   Specifically, Petitioner alleges:

> At the plea hearing, [Petitioner] acknowledged signing the plea form with the charge of attempted sexual battery, a 3rd degree felony on it.  The trial judge, without [Petitioner's] consent changed the charge to attempted capital sexual battery.  Even though defense counsel and the State agreed to the change, [Petitioner] did not and would not have signed for the first degree felony, but would have proceeded to trial.

*Id.* Petitioner asserted this claim as argument one in his pro se brief on direct appeal, and the state appellate court denied the claim without a written opinion.  (Appendix C). Petitioner again raised this claim as ground eight in his rule 3.850 motion, the state court denied the claim, and the state appellate court *per curiam* affirmed.  (Appendices G & H).

In denying the claim as raised in Petitioner's Rule 3.850 motion, the state trial court held that the record refutes Petitioner's contention that "he did not agree to the change on the plea form from attempted sexual battery to attempted *capital* sexual battery." (Appendix G at 4). This Court agrees. Petitioner's argument is that he pled to only a third degree felony – "attempted sexual battery" – not to a first degree felony – "attempted capital sexual battery." (Doc. No. 7). Importantly, the written plea agreement signed by Petitioner indicated he was pleading nolo contendere to a "**1st degree felony,**" and Petitioner does not contend that designation was changed after he signed the plea. The insertion of the word "capital" simply made the listed charge consistent with the degree

of the felony listed. Because the state trial court's decision is supported by the record and consistent with the law, it clearly withstands review under section 2254.

### 3.    Claim Ten

Petitioner alleges that the trial court erred in accepting Petitioner's plea and sentencing him without jurisdiction to do so. (Doc. No. 7 at 19-20). Specifically, he alleges:

> At the plea hearing [Petitioner] answered "No" when asked by the judge whether he [wanted to] plead no contest to the crime charged. Even though the interpreter claimed [Petitioner] said yes, the record clearly shows that [he] said no. Thus, without a jury verdict of guilty or without the plea, the court violated [Petitioner's] due process rights.

*Id.* Petitioner raised this claim on direct appeal and in his rule 3.850 motion, and it was consistently rejected by the state courts. In denying the claim as asserted in Petitioner's rule 3.850 motion, the state court held that the record refuted his allegations: "The Court engaged [Petitioner] in a meaningful dialogue, through the court interpreter, prior to accepting his plea." (Appendix G at 5).

Again, considered in its entirety, the record supports the trial court's decision. The plea hearing proceeded as follows:

> [The State]:   [Petitioner] would be entering the plea to an orally amended lesser-included offense of Attempted Sexual Battery, a first-degree felony. It's an open plea –
>
> The Court:   Go a little slower.
>
> [The State]:   It's an open plea to the Court. He faces zero to 30 years in the Department of Corrections. Both the State and the Defense waive any applicable guideline sentencing. Defense waives the Statute of Limitations issues. . . .
>
> [Sawtelle]:   That's accurate, Your Honor.

17

*          *          *

[The Court]:  . . . Okay, stipulate to a factual basis?

[Sawtelle]:    Defense stipulates, Your Honor.

[The Court]:  Okay, thanks.   Mr. Arzola, do you understand what's happening here today?

[Petitioner]:  Yes.

[The Court]:  You're charged now with a felony that carries life in prison . . . as charged right now before the plea is taken.  They're offering you a plea bargain.  They reduced the charge down to a first-degree felony, which carries up to 30 years in the State Prison system.  We would get a background investigation called a PSI, and there would be a sentence hearing where we would hear from you, any witnesses you have and the alleged victims.  Sentencing could be anything from zero to 30.  Does he understand everything so far?

*          *          *

[Petitioner]:  Yes.

[The Court]:  Did he sign this plea agreement?

[Petitioner]:  Yes.

[The Court]:  Did he go through it with counsel?

[Petitioner]:  Yes.

[The Court]:  Did he understand it?

[Petitioner]:  Yes.

*          *          *

[The Court]:  Does he have any questions about the entering of his plea?

[Petitioner]:  No.

18

[The Court]:   Does he wish to go ahead with the plea bargain and enter a plea today with sentencing at a later date?

[Petitioner]:   I don't know, I should ask my attorney.

[Sawtelle]:   Yes, it's what we discussed sitting in the jury box, that you would enter the open plea today and then once a Pre-Sentence Investigation is completed we would come back for his sentencing hearing.

[Petitioner]:   Okay.

*       *       *

[The Court]:   Does he wish to enter his plea now?

[Petitioner]:   Yes.

[The Court]:   Does he plead no contest, then, to Attempted Sexual Battery?

[Petitioner]:   No.

[The Court]:   Okay, he – let me ask again.

[The State]:   And Attempted Capital Sexual Battery, Your Honor.

[The Court]:   Attempted Capital Sexual Battery. That needs to be put on this plea form. Can I write it in, Counsel?

[Sawtelle]:   Yes, sir.

*       *       *

[The Court]:   Did he say yes or no?

[Interpreter]: Yes.

[The Court]:   Last chance. Any questions anybody?

[The State]:   Your Honor, I would only ask if he has been satisfied and had sufficient time to consult with his attorney?

19

[Petitioner]:  Yes.  Yes, I am.  Yes.

[The Court]:  Does he understand everything that's taken place so far?

[Petitioner]:  Yes.

[The Court]:  Okay.  Last chance, any questions of me?

[The Court]:  No.

[The Court]:  The plea is accepted . . . .

(Appendix A at 3-9 (emphasis added)).

Based upon the foregoing, this Court cannot find that the state court's decision rejecting Petitioner's claim that the state court lacked jurisdiction to sentence him because he did not enter a plea to attempted capital sexual battery was "contrary to" the governing legal authority or was objectively unreasonable.   "[A]n unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694.  Under this demanding standard, Petitioner cannot prevail on his claim.

### 4.    Claim Eleven

Petitioner alleges that the trial court deprived him of his right to due process afforded by the Fourteenth Amendment by failing to consider the mental health evaluation report it had ordered for Petitioner.  (Doc. No. 7 at 20).  According to Petitioner:

> The trial court ordered a mental health evaluation of [Petitioner] but then accepted his plea and imposed sentence without having used the mental health evaluation report to determine whether [Petitioner] was competent to enter the plea or whether any reason existed to impose less than the statutory maximum sentence.

*Id.*

Respondents contend that the foregoing claim is procedurally barred because Petitioner did not argue to the state court that his right to due process was violated by the state court's failure to consider "testimony regarding Petitioner's competency prior to the court accepting his plea and sentencing him." (Doc. No. 9 at 6-8 (identifying argument three of Petitioner's pro se brief on direct appeal as corresponding to claim eleven in the instant petition)). Argument three of Petitioner's pro se brief on direct appeal does not include any reference to Petitioner's due process right or any other federal constitutional right, and Petitioner has not argued to this Court that either of the two narrow exceptions to the procedural bar apply. Accordingly, the Court finds that claim eleven is procedurally barred.[6]

## C.   Involuntary Plea (Claim Twelve)

Petitioner alleges his plea to attempted capital sexual battery was involuntary because he had signed a plea agreement for non-capital sexual battery. (Doc. No. 7 at 21-22). Respondents contend that claim twelve is procedurally barred because "[w]hile on direct appeal [Petitioner] submitted the trial court erred in changing the charge, [but he] never presented the claim in terms of it making his plea involuntary." (Doc. No. 9 at 7-8).

---

[6]Even if claim eleven were not procedurally barred, it would be denied on the merits. Petitioner has identified no constitutional right violated as a result of the state trial court's actions. Indeed, it appears from the record that the state court never intended to consider testimony or a report from Dr. Kher, who was as an "expert to aid defense counsel," and not as a court appointed expert who would provide a report to the state court. *See* Appendix A at 52; *see also* FLA. R. CRIM. P. 3.216(a) (appointment of expert to aid defense); FLA. R. CRIM. P. 3.216(d) (court appointed experts); FLA. R. CRIM. P. 3.216(g) (providing for reports from experts to the court).

Respondents are correct.  A review of argument one in Petitioner's pro se brief on direct appeal reveals a bare bones allegation that the trial court erred by writing in the word "capital" on his plea form after Petitioner had signed the document.  (Appendix C). Petitioner does not allege in argument one that his plea was involuntary, nor does he reference any federal constitutional right.  Further, Petitioner has not argued to this Court that either of the two narrow exceptions to the procedural bar apply.  Accordingly, the Court finds that claim twelve is procedurally barred.

### D.    Sentencing (Claim Nine)

Petitioner alleges his sentence is illegal under the sentencing guidelines in effect when the crimes occurred.  (Doc. No. 7 at 17).  Specifically, Petitioner alleges:

> The sentence imposed exceeds the maximum sentence allowed under Florida law at the time the crime was committed. This sentence was imposed under the criminal punishment code which can only be used for crimes committed on or after October 1, 1998 but the crime was committed in 1991.

*Id.*  Respondents counter that this is a state law claim that is not subject to review in a section 2254 proceeding.  (Doc. No. 9 at 8-10).  Respondents are correct.

Claim nine raises an issue of state law which provides no basis for federal habeas corpus relief, because no question of a constitutional nature is involved.  *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982).  This Court can express no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida's statute related to sentencing.  Accordingly, claim nine must be denied because it raises matters of state law only.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Amended Petition for Writ of Habeas Corpus filed by Rutillo Arzola (Doc. No. 7) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 4 day of August, 2007.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 8/27
Counsel of Record
Rutillo Arzola

23